UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY G. PETRELLO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-1933 |
| | § | |
| MATTHEW W PRUCKA, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

### I.    INTRODUCTION

Before the Court are the motions for attorneys' fees and costs of the defendants, Matthew W. and Sheryl S. Prucka [Dkt. No. 258] and Rahul and Usha Nath [Dkt. No. 259].  Also before the Court is the plaintiff, Anthony G. Petrello's, response [Dkt. No. 264].   The Court has reviewed the motions, the response and attachments and determines that awards of attorneys' fees are appropriate in this case.

### II.    RELEVANT PROCEDURAL HISTORY

The plaintiff originally brought this suit as a state common law cause of action to defeat and reverse the real estate transaction between the Pruckas and the Naths where the Naths had purchased the Pruckas' house.  Pursuant to that effort, Petrello filed suit in December of 2007 to enjoin or reverse the sale and placed a *lis pendens* lien notice against the property.  The Naths were drawn into the suit because the title that the Pruckas gave to the Naths was encumbered by Petrello's suit and the *lis pendens* notice.  In June of 2008, after several iterations of his original complaint, Petrello added claims under the Federal Fair Housing Act  42 U.S.C. §§ 3601-31["FHA"], the Texas Fair Housing Texas Property Code Act §§ 301.001-301.171 ["TFHA"]

and the Houston Fair Housing Ordinance, Houston, Tex. Code of Ordinances, Ch. 17, Art. I-VI, §§ 17-1 through 17-80 (2011) ["HFHO"], and a federal conspiracy claim.

A trial on the merits of Petrello's claims resulted in a "hung" jury.  Prior to a second trial, however, the Court reviewed and reconsidered the defendants' substantive motions, and determined that the defendants' motions were meritorious and granted them, bringing a conclusion to the plaintiff's claim for federal conspiracy and for violations of the FHA, TFHA and HFHO brought  under federal, state and municipal laws.  The Court then remanded to the state court, from which the case had been removed, any remaining unresolved claims that the parties may have between them.  The issue now before the Court is whether the defendants should recover attorneys' fees, expenses and costs of court.

III.   **LEGAL STANDARDS**

The defendants seek awards of attorneys' fees, expenses and costs associated with their defense against the plaintiff's conspiracy and housing discrimination claims.  Each of the statutes and the ordinance provides for the recovery of a reasonable attorney's fee and costs by the prevailing party within the discretion of the Court.  *See* 42 U.S.C. § 3613(c)(2); Tex. Prop. Code § 301.156; and Houston City Ordinance Chapter 17, Art. VI, § 17-51(e).  Awarding an attorney's fee and costs against the plaintiff in an instance where his suit lacks foundation or is otherwise unmeritorious requires the same analysis as in an instance where a plaintiff is the prevailing party.  *See Id., see also, NAACP v. City of Kyle, Tex.*, 626 F.3d 233, 239 (5th Cir. 2010). (Internal citation omitted.)

In determining the amount of any award, the Court is guided by the two-step process set out in *Thompson v. Connick*, 553 F.3d 836, 867 (5th Cir. 2008).  First, the Court determines the lodestar amount based on a reasonable hourly rate and reasonable hours expended.  Next, the

Court determines whether the lodestar should be adjusted.  *Id.*   The second stop requires the application of the *Johnson* factors in making any adjustment, whether up or down.  *See Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  The Johnson factors direct that the Court consider the following in determining lodestar adjustments:

> The time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19. In a similar fashion, the Federal Rules of Civil Procedure permit the award of an attorney's fee and costs to a prevailing party.  *See* FRCP 54(d)(2)(A) and (B). In those instances where an award of costs is not prohibited, a court should determine which party is the prevailing party and then allow the costs permitted by statute.  *See Fox v. Vice*, 594 F.3d 423, 429 (5th Cir. 2010); *see also* 28 U.S.C. § 1920.

## IV.   ANALYSIS AND DISCUSSION

### A.   *The Defendants Are Prevailing Parties*

In its Memorandum Opinion and Order and Final Judgment, the Court determined that the plaintiff's conspiracy and housing discrimination claims were unmeritorious.  The Court determined that the plaintiff could not establish a *prima facie* case because he could not and did not establish that he was "qualified" to purchase the Pruckas' house. The plaintiff's lack was not associated with his financial ability, but the fact that he never entered or attempted to enter into a real estate contract to purchase the house.  Moreover, he failed and even refused to do so in accordance with state law, thereby removing himself from the process whereby an enforceable

agreement might be consummated and particularly where he might claim that persons other than the Pruckas were at fault.  Therefore, the Court held that the plaintiff lacked standing to assert a claim under the FHA, TFHA and the HFHO because he could not show the necessary legal "qualification" to establish standing before the Naths executed an earnest money contract.  *See* [Dkt. No. 255]. As a result, the Court is of the opinion and holds that the defendants are the prevailing parties.  *See Farrar v. Hobby,* 506 U.S. 103, 11-12 (1992).

The record is clear that neither the facts nor the law supports the plaintiff's claims of conspiracy and housing discrimination.  This fact is fully supported in the Court's legal analysis in its Memorandum by the trial evidence and by the jury's inability to reach a factual finding that would have resulted in a verdict for the plaintiff.  Hence, no *prima facie* case was or could be established by the plaintiff.   Therefore, the Court determines that the defendants should be awarded attorneys' fees and costs.  *Id.*

### B.        The Naths Claim for Attorneys' Fees and Costs

The Naths seek an attorney's fee and "expenses" in the amount of $1,241,465.34 associated with their defense against the plaintiff's conspiracy and housing discrimination claims.  The Naths assert that the fee and expenses claimed are "distinctly traceable and directly related to" their defense of the conspiracy and housing discrimination claims.  In this regard, counsel for the Naths assert in their affidavits that they devoted a substantial number of hours to the Naths defense.

The plaintiff argues that his evidence establishes a *prima facie* case of conspiracy and housing discrimination under each of the federal and state statutes and a city ordinance thus, his claims were not filed in bad faith as evidence of merit.  He asserts that the parties engaged in settlement negotiations and that his suit survived an "onslaught of dispositive motions."  Finally,

the plaintiff asserts that the affidavits of the Naths' attorneys are insufficient to justify an award of an attorney's fee and costs.

The plaintiff is correct in some respects, particularly, as it relates to the fact that attorneys for the Naths did not compile and submit billing ledgers or fee invoices. Nor did they provide a ledger of costs associated with their request for expenses. However, the Court is of the opinion that the Naths may recover their costs and legal expenses in state court, to the extent they are recoverable. Therefore, the Court denies, without prejudice, the Naths' motion for the recovery of costs and expenses.

With regard to the Naths' claim for an attorney's fee, the Court is not without supporting evidence. The record shows that the Pruckas' counsel, ranging in numbers from seven to 11 attorneys in two firms, expended over 1,800 hours in trial preparation, trial and post-trial proceedings from January of 2008 through December of 2010. The hours expended from January of 2008 through June 18, 2008, when the plaintiff for the first time added federal claims in his fourth amended petition, total approximately 202.2 hours. Hence, after June 18 the attorneys for the Pruckas expended over 1,600 hours defending Petrello's conspiracy and housing discrimination claims.

Likewise, the record reflects that the plaintiff, himself, expended over $595,185 in legal fees allocated between three separate law firms prosecuting his suit. At a reasonable billing rate of $400 per hour, the attorneys expended in excess of 1,488 hours prosecuting the plaintiff's claims. Therefore, the Court concludes that there is substantial evidence in the record that indicates and bears on the propriety of the Naths' claim for an attorney's fee.

The Court is of the opinion, based on the affidavits and the totality of the presentations by all parties that the Naths incurred legal fees associated with the plaintiff's housing discrimination

claim from on or about July 8, 2008 through December of 2010.  This time frame, by and large, parallels that of the Pruckas and the plaintiff's after the housing discrimination and conspiracy claims were added.  Hence, the Court is of the opinion that the Naths incurred some 1,400 hours of billable time from July of 2008 through December of 2010.  The Court holds that this time expenditure is reasonable in light of the affidavits of the Naths, the invoices of the Pruckas' and the billings of the plaintiff's counsel.  Finally, the Court is of the opinion, considering the statute of the attorneys employed, the trial, research and consulting time necessary that a fee rate of $400 per hour is reasonable.

Considering the *Johnson* factors, the Court determines that the experience, reputation and abilities of the plaintiff's attorneys demanded attorneys of equal statute and status as those of the plaintiff.  Hence, the skills required to meet the plaintiff's attorneys' litigation efforts were great, the time and attention given precluded other employment; alternatively, the effort required several skilled attorneys sharing the responsibility for the legal services required by the defendants.  The Court notes that the fees charged were fixed and billed to the Naths and the Pruckas on an hourly basis.  After the federal claims were added, the plaintiff's case consumed the Naths and the Pruckas.  In fact, Mr. Pruckas had been criminally charged by the City of Houston based on the plaintiff's criminal complaint.  The implications associated with losing this case, from Mr. Prucka's perspective went far beyond that of the ordinary civil case.  At stake was his house, worth $8.2 million, and his liberty and reputation.  Therefore, the time expended by the attorneys in providing a defense for the defendants was reasonable and coincides with the time expenditure for cases where the issues are novel or where little or no precedent is recorded.

The Court is also of the opinion that the conspiracy and housing discrimination claims were the "heart and soul" of the plaintiff's suit, representing, in the Court's estimation, 70% of

the work effort required and expended to this point in time.  Therefore, the Court is of the opinion and holds that the Naths should recover a fee based on 70% of 1,400 hours expended or 980 billable hours.

In light of these factors and the Court's findings of fact, the Court awards an attorney's fee of $392,000 to the Naths.  This award is not intended to cover the costs or expenses expended in the state litigation.  Nor is it intended to cover the costs associated with any appeal.  The Court determines that a reasonable fee for an appeal is $60,000.  In the event of an appeal, and the Naths prevail, an appellate fee of $60,000 is awarded.

### C.      The Pruckas' Claim for Attorneys Fees

The Court relies on its analysis and discussion in the Naths' section of this Memorandum in addressing the Pruckas' claim for an attorney's fee.  The Pruckas assert that they, too, are entitled to an attorney's fee and the Court agrees.  Attached to their motion are affidavits, the curriculum vitae of several of the attorneys involved, and their detailed billing records relevant to the time periods.  As with the Naths, the plaintiff asserts that the Pruckas failed to meet their burden of establishing entitlement to an attorney's fee.  He argues, for example, that part of the time that the Pruckas' attorneys expended was used to "learn the facts" and review the transcripts.  This fact, even if true, does not cause the Court concern.  The Court has reviewed the Pruckas' data and finds it credible, appropriate to the type of case and that the time expended was necessary for a proper defense.  After all, the plaintiff expended $595,185.50, at last count, prosecuting his case, and the end has not come to this litigation.

Based on the Court's estimate that 70% of the time expended in the case was expended on the conspiracy and housing discrimination claims, the Court awards an attorney's fee to the Pruckas on 1,120 hours at the rate of $ 400 per hour or $448,000.  In the event of an appeal by

the plaintiff, and the Pruckas prevail, an appellate fee of $60,000 is awarded.  As with the Naths'

claim for costs, the Court is of the opinion that the costs and expenses of this suit should follow

the litigation.  Therefore, the awards made here are without prejudice to any awards made in the

state court litigation.

It is therefore ORDERED that Rahul and Usha Nath shall recover an attorney's fee

against the plaintiff, Anthony G. Petrello in the amount of $392,000.  In the event of an appeal,

the Naths are awarded an appellate fee of $60,000.

It is further ORDERED that Matthew W. and Sheryl S. Prucka shall recover an attorney's

fee against the plaintiff, Anthony G. Petrello in the amount of $448,000.  In the event of an

appeal, the Pruckas are awarded an appellate fee of $60,000.

SIGNED at Houston, Texas this 24th day of March, 2011.

_____

Kenneth M. Hoyt
United States District Judge